IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| KENDRICK JACKSON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 18−cv–0998−SMY |
| JACQUELINE A. LASHBROOK, EDVALD, PAGE, KENTE E. BROOKMAN, JASON N. HART, JACOB L. LIPE, BROWN, JOHN DOE | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Kendrick Jackson, an inmate at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff requests injunctive relief and damages. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

After careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

## **The Complaint**

Plaintiff Kendrick Jackson makes the following allegations in the Complaint: Major Edvald and a crew of officers, including Defendants Lipe and Brown, shook down Plaintiff's cell on November 28, 2017. (Doc. 1, p. 3). Lipe and Brown found an altered pair of toenail clippers under Plaintiff's cellmate's mattress. *Id*. They also broke Plaintiff's MP3 player during the shakedown. *Id*. As a result of finding the toenail clippers, both Plaintiff and his cellmate were sent to segregation. *Id*. Lipe and Brown wrote Plaintiff a disciplinary report, which was approved by Edvald and Page. (Doc. 1-1, p. 3). Plaintiff's segregation cell was unsanitary, covered in blood and feces, subject to low water pressure, and infested with insects. (Doc. 1, p. 3).

2

Plaintiff was charged with possession of dangerous contraband, even though the disciplinary report noted that the contraband was found underneath his cellmate's mattress. (Doc. 1, p. 4). Plaintiff appeared before an adjustment committee of Brookman, Hart, and John Doe on December 4, 2017. *Id*. Plaintiff denied knowing anything about the contraband. *Id*. He was not permitted to see the contraband in question. *Id*. Plaintiff was found guilty. *Id*. He was sentenced to 6 months' segregation, 6 months' C grade, and 6 months' commissary restriction. (Doc. 1, p. 5).

Plaintiff submitted a grievance regarding the discipline on December 15, 2017. *Id*. Lashbrook sustained the discipline. *Id*. Plaintiff sent his grievance to Springfield on January 22, 2018. (Doc. 1, p. 6). Springfield ultimately determined that Plaintiff was disciplined in violation of DR504.30, and affirmed Plaintiff's grievance. (Doc. 1, p. 7). Plaintiff received notice of the January 30, 2018 decision on February 13, 2018, but wasn't actually released from segregation until February 21, 2018. *Id*.; (Doc. 1-1, p. 9).

Plaintiff continued to write to the Warden about the inhumane conditions in segregation. (Doc. 1, p. 6). He was never given a mattress or a pillow, or moved out of his unsanitary cell. *Id*. When Plaintiff was finally released from segregation, he was assigned to a less-desirable cell than the cell he had prior to the shakedown, which Plaintiff alleges was retaliation for getting his discipline expunged. (Doc. 1, pp. 9-10).

## **Discussion**

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into 4 Counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The following claims survive threshold review:

**Count 1** – Plaintiff was deprived of his due process rights when Brown, Lipe, Edvald, and Page wrote him a false disciplinary report and Brookman, Hart, Doe, and Lashbrook disciplined Plaintiff in violation of the Fourteenth Amendment;

**Count 2** – Plaintiff was subjected to unconstitutional conditions of confinement in segregation by Lashbrook in violation of the Eighth Amendment.

Plaintiff has attempted to bring other Counts, but for the reasons discussed below, the claims do not survive threshold review:

**Count 3 –** Plaintiff was retaliated against in violation of the First Amendment;

**Count 4 –** Lipe and Brown destroyed or deprived Plaintiff of certain items of his personal property in violation of the Fourteenth Amendment's Due Process clause.

## Count 1

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). The Seventh Circuit has limited the ability of inmates to invoke a liberty interest based on segregation. *Marion v. Columbia Corr. Inst.,* 559 F.3d 693, 697 (7th Cir. 2009). Whether an inmate has a liberty interest implicated by special confinement depends on whether the confinement imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484 (1995). In assessing whether disciplinary segregation amounts to a constitutional violation, a court must examine the length of a prisoner's confinement in segregation in combination with the conditions he endured there. *Kervin v. Barnes*, 787 F.3d 833, 836-37 (7th Cir. 2015); *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013). Although relatively short terms of segregation rarely give rise to a liberty interest, such an interest *may* be triggered based on the severity of the conditions, and any additional punishments. *Kervin*, 787 F.3d at 836.

Here, Plaintiff served a relatively short period of time in segregation – 86 days – but he has alleged conditions sufficient to trigger a due process interest. Thus, at the pleading stage, Plaintiff has made a sufficient claim that his liberty was infringed.

Prison disciplinary hearings satisfy procedural due process requirements where an inmate is provided: (1) written notice of the charge against the prisoner twenty four (24) hours prior to the hearing; (2) the right to appear in person before an impartial body; (3) the right to call witnesses and to present physical/documentary evidence, but only when doing so will not unduly jeopardize the safety of the institution or correctional goals; and (4) a written statement of the reasons for the action taken against the prisoner. *See Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974); *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988). Not only must the requirements of *Wolff* be satisfied, but the decision of the disciplinary hearing board must be supported by "some evidence." *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994). To determine whether this standard has been met, courts must assess whether the decision of the hearing board has some factual basis. *Webb v. Anderson*, 224 F.3d 649 (7th Cir. 2000).

Even a meager amount of supporting evidence is sufficient to satisfy this inquiry. *Scruggs v. Jordan,* 485 F.3d 934, 941 (7th Cir. 2007). Plaintiff alleges the Administrative Review Board eventually found that his conviction was not supported by the evidence. Thus, Plaintiff's claim for a due process violation related to his disciplinary hearing shall proceed.

## Count 2

In Count 2, Plaintiff asserts that he was subjected to unconstitutional conditions of confinement in violation of the Eighth Amendment. The Eighth Amendment can be violated by conditions of confinement in a jail or prison when (1) there is a deprivation that is, from an objective standpoint, sufficiently serious that it results "in the denial of 'the minimal civilized

5

measure of life's necessities,'" and (2) where prison officials are deliberately indifferent to this state of affairs. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016). Prison officials demonstrate deliberate indifference when they "know[] of and disregard[] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn . . . and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

The Court has already determined that the conditions endured by Plaintiff were plausibly severe enough to trigger constitutional scrutiny. Therefore, Plaintiff has sufficiently alleged the objective component of an Eighth Amendment claim. However, Plaintiff's allegations regarding the subjective component are vague.

Plaintiff alleges he notified "[t]he Lieutenant, the Major, the Counselor, [and] the Sergeant" about the living conditions, but his Complaint does not identify these people, other than Warden Lashbrook. It is also not clear whether Plaintiff is attempting to proceed against anyone on that list as a John Doe. Moreover, while Plaintiff alleges that certain named defendants took actions that resulted in his placement in segregation, he has not clearly alleged that any of those individuals knew that the conditions were constitutionally deficient so as to make a plausible claim of deliberate indifference. For these reasons, Count 2 shall proceed against Lashbrook, but if Plaintiff intended to bring this claim against any other person, he should file an amended complaint stating that more clearly and including that party in his case caption (even as a John Doe).

**Count 3**

Plaintiff claims that the entire course of events was retaliatory. To succeed on a First Amendment retaliation claim, a plaintiff must prove 1) that he engaged in conduct protected by

6

the First Amendment; 2) that he suffered a deprivation that would likely deter First Amendment activity in the future; and 3) that the protected conduct was a "motivating factor" for taking the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

Plaintiff alleges that the initial cell shakedown and disciplinary proceedings were acts of retaliation. That claim is problematic because the only protected activity described in the Complaint is the grievances that Plaintiff filed as a result of the improper disciplinary proceeding. Plaintiff has not pointed to any grievances or other protected activity that allegedly drew the initial cell shakedown. In fact, the Compliant describes the shakedown as "routine." (Doc. 1, p. 3). If Plaintiff did not engage in protected activity prior to the shakedown and subsequent discipline, then he has no claim for retaliation.

But even narrowing Count 3 to Plaintiff's allegations that he was not given his preferred housing assignment after he was released from segregation in retaliation for his grievances regarding the discipline, his claim still fails. First, Plaintiff does not allege that any of the named defendants made cell placement decisions. If the defendants were not responsible for Plaintiff's placement in the east or west cell house, they could not have retaliated against him.

Additionally, it is not plausible that a cell placement assignment that had the effect of improving the conditions of Plaintiff's confinement (by removing him from segregation) could objectively be considered a deprivation likely to deter future First Amendment activity. As such, Plaintiff has failed to state a claim upon which relief could be granted, and Count 3 will be dismissed without prejudice; Plaintiff may submit an amended complaint on this issue if he so chooses.

## Count 4

Finally, Plaintiff alleges that various items of his personal property were destroyed or confiscated as a result of the cell shakedown and he seeks compensation for some of those items. To state a property loss claim under the Fourteenth Amendment, Plaintiff must establish a deprivation of liberty or property *without due process of law*. If the state provides an adequate remedy, Plaintiff has no civil rights claim. *Hudson v. Palmer,* 468 U.S. 517, 530–36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). In that vein, the Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington,* 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis,* 5 F.3d 1031, 1036 (7th Cir. 1993); 705 Ill. Comp. Stat.. 505/8 (1995). Thus, Plaintiff must pursue any claims for the loss of his property in the Illinois Court of Claims, and Count 4 will be dismissed with prejudice from this action.

## Pending Motions

Plaintiff's Motion for Appointment of Counsel will be referred to a United States Magistrate Judge. (Doc. 3).

As this Order serves as a status of this case, Plaintiff's Motion for Status is **DENIED** as **MOOT**. (Doc. 8).

## Disposition

**IT IS HEREBY ORDERED** that **Counts 1 and 2** survive threshold review. **Count 3** is **DISMISSED without prejudice** for failure to state a claim. **Count 4** is **DISMISSED with prejudice** as legally frivolous. Plaintiff's Motion for Status is **DENIED** as **MOOT**. (Doc. 8).

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Lashbrook, Edvald, Page, Brookman, Hart, Lipe, and Brown: (1) Form 5 (Notice of a Lawsuit and Request

to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown (John Doe) Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Reona J. Daly for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to a United States Magistrate Judge Reona J. Daly for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 21, 2018**

s/ STACI M. YANDLE
**U.S. District Judge**