IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENDRICK JACKSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:18-cv-998-SMY-RJD ) |
| JACQUELINE LASHBROOK, et al., | ) ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Plaintiff's Motion to Compel the Courts and Menard Correctional Center to Follow the Rules of 20 Percent Filing Fee Deduction (Docs. 22 and 28). For the reasons set forth below, the Motions are **GRANTED IN PART AND DENIED IN PART**.

Plaintiff Kendrick Jackson, an inmate at Menard Correctional Center, has brought this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. By order dated April 30, 2018, Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915 (Doc. 5). Plaintiff was assessed an initial partial filing fee of $17.78. The initial partial payment of $17.78 was received on May 23, 2018. The remainder of the $350.00 filing fee is to be collected pursuant to Section 1915(b)(2), which directs prison officials to collect 20% of the preceding month's income, each time the prisoner's account exceeds $10.00.

In the instant motions (Doc. 22 and 28), Plaintiff alleges that the Illinois Department of Corrections has deducted 20% of his income more than once a month in September and July, 2018, in contravention of the Court's Order. Plaintiff asks that the Court fix the problem before it happens again.

For clarification, collection of filing fees in prisoner civil cases is governed by 28 U.S.C. § 1915(b), which provides:

> (1) The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of–
> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.
>
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

**IT IS THEREFORE ORDERED** that, for these reasons stated, Plaintiff's motions (Doc. 22 and 28) are **GRANTED to the extent** that the Court has reiterated the statutory method of collection.

**IT IS FURTHER ORDERED** that a copy of this order shall be sent by the Clerk of Court to the Warden and the Trust Fund Officer of Menard Correctional Center. Payments toward filing fees <u>must</u> be collected in the manner prescribed by 28 U.S.C. § 1915(b) and as ordered by the Court. Disregarding a court order may result in sanctions. Plaintiff's motion is **DENIED** in all other respects. Further, the Court notes that, based on the information provided by Plaintiff, it is not clear that the deductions Plaintiff complains of were improper. There is no statutory requirement that deductions be made only once per month; rather, deductions of 20% of a prisoner's monthly income shall be assessed. Based on the limited information provided to the Court, it appears that 20% of Plaintiff's monthly income has been deducted (albeit at two separate

times), which would be an accurate deduction pursuant to the Court's Order.

**IT IS SO ORDERED.**

**DATED: September 13, 2018**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**